**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., | ) <br> ) <br> ) |
| Plaintiff, | )    Case No. 2:12-cv-01398-JCM-PAL |
| vs. | )    **ORDER** |
| LALLY STEEL, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

The court conducted a hearing on November 27, 2012, on the parties' Proposed Discovery Plan and Scheduling Order (Dkt. #11). Sheri Thome appeared on behalf of the Plaintiff, and Philip Goodhart appeared on behalf of the Defendant. The parties submitted a plan which requested special scheduling review and approximately 90 days additional time than that deemed presumptively reasonable by LR 26-1 (e).

The Complaint (Dkt. #1) in this case was filed August 7, 2012, and is an action for declaratory relief. Plaintiff Associated Industries Insurance Company, Inc. ("AIIC") issued a comprehensive general liability policy to Defendant Lally for the period from April 8, 2012, to April 8, 2013. Complaint (Dkt. #1, ¶8). The policy provides commercial general liability coverage with a $1,000,000.00 limit of liability per occurrence, and $2,000,000.00 aggregate limit, and a $2,000,000.00 products-completed operations aggregate limit. *Id*. The policy obligates the Plaintiff to pay sums the insured becomes legally obligated to pay as damages because of property damage that is caused by an occurrence during the policy period. *Id*. ¶9. The policy contains an exclusion for designated operations covered by a consolidated (wrap up) insurance program endorsement. *Id*. ¶10.

On April 13, 2012, an employee for Lally was welding steel near the ceiling of a project known as The Box in the Palazzo Hotel and Casino in Las Vegas. *Id*. ¶12. The heat from the welding

allegedly triggered a fire sprinkler which released water into a Burberry retail store and The Natural Wonders Gallery. The water caused substantial damages. *Id*. On information and belief, the owner of The Box is insured by Gemini Insurance Company under an owner-controlled insurance program. *Id*. ¶13. However, on November 17, 2011, and prior to engaging in the construction at the Palazzo, Lally opted out of the program. *Id*. AIIC received notice of potential claims arising out of the welding incident on May 25, 2012. *Id*. ¶14. It issued a reservation of rights letter to Lally pending an investigation of the welding incident. *Id*.

The complaint seeks a declaration that the consolidated insurance program exclusion bars coverage under the policy. Defendant filed an Answer (Dkt. #9) on October 1, 2012. The parties conducted a Rule 26(f) conference and submitted a proposed discovery plan and scheduling order on November 16, 2012. Both sides anticipate filing cross motions for summary judgment within the next sixty days and therefore requested additional time to complete discovery, hoping it would not be needed. During the hearing, counsel for the parties both agreed that their insurance coverage dispute should be resolved as a matter of law as an issue of contract interpretation. Neither side expects any contested issues of fact. Counsel for the Plaintiff anticipates filing a motion for summary judgment in approximately one week. Counsel for Defendant needs additional time, but can file a motion for summary judgment within thirty days. Neither side intends to conduct any discovery until decision of the cross motions for summary judgment, believing the motions will be case dispositive.

Under these circumstances, the court will direct that the parties file cross motions for summary judgment no later than December 28, 2012. As neither side intends to conduct any discovery until decision of the dispositive motions, the court will require the parties to submit a proposed discovery plan and scheduling order fourteen days from decision of their cross motions for summary judgment as to any matter that survives.

**IT IS ORDERED** that:

1. The parties' Proposed Discovery Plan and Scheduling Order (Dkt. #11) is **NOT APPROVED** and is **DENIED**.
2. The parties shall have until **December 28, 2012,** to file cross motions for summary judgment.

3.  The parties shall submit a proposed discovery plan and scheduling order within fourteen days of decision of their cross motions for summary judgment in the event any remaining claims survive.

Dated this 28th day of November, 2012.

_____
Peggy A. Leen
United States Magistrate Judge